IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

BREANNA GROVE and ANDY GROVE,

Plaintiffs,

vs.

STATE FARM FIRE AND CASUALTY COMPANY,

Defendant.

Case No.13-CV-754-JED-FHM

## OPINION AND ORDER

Plaintiffs' Motion to Compel, [Dkt. 44], is before the undersigned United States Magistrate Judge for decision. Defendant has filed a response brief, [Dkt. 53]. No reply brief has been filed. The matter is ripe for decision.

Plaintiffs seek to compel production of documents to include: a list of all lawsuits filed against Defendant over the last five years; any and all documents regarding complaints of Defendant's claim handling in Oklahoma during the last five years; a complete copy of Defendant's complaint records for the last five years "as such records are required to be maintained by insurance department regularly," [Dkt. 44-2, p. 7]; and any and all documents submitted by or on behalf of Defendant in response to any complaints identified in the previous requests. [Dkt. 44-2, pp. 6-7]. Plaintiffs represent that in the meet and confer process, they limited the subject matter of the requests to those lawsuits and complaints that Defendant denied due to the "earth movement" exception of the homeowner's policy or those denied due to "wear, tear, scratching, deteriorating, inherent vice, latent defect or mechanical breakdown" exclusion as it relates to plumbing. [Dkt. 44,

p. 3]. Plaintiffs note that to prevail on their bad faith claim they are required to make a clear showing that the insurer unreasonably and in bad faith withheld payment of the claim of its insured. Plaintiffs argue they require the documents requested to: "investigate a possible pattern of denial and subsequent litigation to claimants similarly situated which may shed light on methods or practices employed by Defendant to deny similar claims[.]" [Dkt. 44, p. 4]. Plaintiffs also assert that the information they seek could demonstrate a pattern of categorical denial of claims similar to Plaintiffs' which may tend to show that denial of Plaintiffs' claim was consistent with corporate practice and therefore in bad faith. [Dkt. 44, p. 5]. Plaintiffs state that discovery of lawsuits filed within the last five years will enable them to "test for a possible pattern of dismissal of similar claims" and to "divine a possible company-wide policy by Defendant of disputing similar claims." *Id.*

Defendant argues that the discovery Plaintiffs seek is not relevant because Plaintiffs have not alleged a pattern of denying or disputing similar claims. Further, Defendant argues that production of the requested documents would be unduly burdensome because Defendant would be required to review tens of thousands of documents to comply with Plaintiffs' requests for all lawsuits, complaints, complaint records, and Defendant's responses to such complaints.

Under Fed.R.Civ.P. 26(b)(2)(iii) the court is to limit discovery if it determines that "the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues." Taking these factors into account, the court finds that Plaintiffs' request for production of any and all documents regarding complaints about

claims handling, all responses to such complaints, and complete copies of all required complaint records, even as limited to the specific types of claim denial involved in this case, should be denied. The request for any and all documents and the term complaint is overly broad and also unduly burdensome. Plaintiffs have speculated in only the most general terms that information concerning complaints about claims handling might be helpful to their case. In addition, Plaintiffs' motion to compel such information comes too late in the case for the court to require Defendant to be put to the burden of producing wide ranging information of such questionable relevance. Despite the fact that this case has been pending since October 2013, and Defendant's response to the discovery requests was served in April 2014, Plaintiff did not seek to compel a response to discovery until August 2014, one week before the August 15, 2014 discovery deadline.

The same level of burden and questionable relevance does not apply to the production of a list of lawsuits. Providing a list of similar lawsuits should not be an undue burden on Defendant and the information may lead to the discovery of admissible evidence. Therefore, Defendant is required to produce a list including the name, case number, and county of filing of all lawsuits filed against Defendant in Oklahoma in the last five years which assert claims based on the denial of homeowner insurance coverage due to the "earth movement" exception as it relates to plumbing, or which assert claims based on the denial of homeowner insurance coverage claims due to "wear, tear, scratching,

deteriorating, inherent vice, latent defect or mechanical breakdown" exclusion as it relates to plumbing.  The production is due on or before October 22, 2014.

SO ORDERED this 22nd day of September, 2014.

*[signature: Frank H. McCarthy]*

FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE